JFkeeMan, J.,
delivered the opinion of the court:
These two cases, which seem to have been consolidated and heard together, are now before us, as we understand *578 the record, on the appeal of Mrs. Jane E. Venable, a widow, and distributee of her husband, to the final decree, except as to her allowance of dower, and also on the writ of error of the children and distributees of Venable, from said decree, so far as it affects their interest, which probably is intended, we suppose, to contest the propriety of the sale descended from their father, under said case, to satisfy ihe debt of Loughmiller, on a judgment or decree of this court.
As to this branch of the decree, the question is of easy solution, upon a statement of the fact. Venable died in August, 1857. Administration was granted on his estate in November of that year. Complainant Loughmiller claims a debt due by decree of this court, made December term, 1870 — 1, and avers in his bill that the suit was commenced in 1859. but defendants, Mrs. Venable and her children, expressly deny all knowledge of this suit, and call for proof of the same, as well as the decree rendered or claimed. Ve have looked carefully through the record, and find nothing to show how this is, so as to bind these parties.
Be tliis as it may, however, the complainant, we think, must fail in his effort to subject the land descended to the heirs. His bill is filed for this purpose, March, 187- — , if it can be so treated, which might be doubtful, as it charges sufficiency of assets personal in the hands of .the administrator to pay this debt, yet waiving this, it is clear that this claim against the estate was due from the intestate, and that more than seven years had elapsed before the commencement of this proceeding to subject the land. We have repeatedly held, in accord with a long line of precedents, that the statute of seven years, act of 1715 [Code, secs. 4483 and 4014], protects the heirs at law, where his real estate is sought to be reached for the ancestors’ debts, and we see no cause to review these decisions. See MS., *579 case of Davidson et al. v. Margaret Evans, Adm’x., March, 1877, by Ch. J. Deaderick [2 Shannon’s Cases, page 253].
TV e do not deem it necessary to look into the account on the original bill, as we think it doubtful whether any advantage could be had on it in any view in favor of the dis-tributees, and, in addition, it is clear that whatever may be in the hands of the administrator would be liable to be appropriated to the decree against him, as administrator, in favor of Loughmiller, it being a debt due from his intestate, and the amount admitted )ve believe to be correct, so as to bind the personalty in his hands; and for himself, he admits the suit to have been commenced in March, 1859 —within two years after grant of administration.
The decree of the chancellor ordering a sale of the land will be reversed, and bill dismissed as to this relief. The decree against Estell and sureties is not affected in any way, but stands, as that question is not, and cannot now.be reviewed. No appeal or writ of error being prosecuted from the same, Loughmiller will pay costs of this court and of the court below, so far as the widow and dis-tributees are concerned.